SIEBERT v. MILBANK et al.

(Supreme Court, Appellate Division, First Department.　June 29, 1904.)

1. SURETIES—RELEASE FROM LIABILITY—PETITION—NOTICE.

Code Civ. Proc. § 812, provides that the sureties on the bond of an assignee may petition to be relieved from further liability for the act of the principal occurring after the date of the order relieving them. Thereupon the court is to issue an order to show cause, upon the return of which, if the principal files a new bond, the court must make a decree requiring him to account to and including the date of the order, and to file such account within a time fixed, and releasing the sureties from liability for any subsequent act or default of the principal. It is further provided that after the filing of an account as required by another portion of the section the court must, on petition of the sureties, require the persons interested to attend a settlement of such account, and, upon the trust fund or estate being found, or made good, and paid over or secured, the sureties shall be discharged from any further liability, etc. *Held*, that this section authorizes two proceedings—one to release petitioning sureties from liability for acts of the principal occurring after the re-

lease, which proceeding may be ex parte as to creditors of the principal, and on notice to him only.

O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Action by Henry Siebert against Robert Milbank and another. From an interlocutory judgment overruling a demurrer to the complaint, defendant Milbank appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Francis D. Pollak, for appellant.
Robert M. Martin, for respondent.

LAUGHLIN, J. On the 29th of February, 1892, the plaintiff made a general assignment for the benefit of creditors. The defendants became sureties on the official bond of the assignee on the 29th day of March thereafter. In 1898 the plaintiff made a composition agreement with his creditors, and received releases and discharges from them, and an assignment and quitclaim of their rights in and to the assigned estate. He then petitioned the court on notice to the creditors and sureties for a final accounting of the assignee, and on the 3d day of June, 1902, a final order was made requiring the assignee to pay the balance in his hands to the plaintiff. The assignee failed and refused to comply with the order, and the plaintiff obtained leave of the court to bring this action against the sureties upon the official bond of the assignee. The demurrer is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action. The sureties were parties to the accounting, and, if they are liable at all, the order fixes the extent of liability and is binding upon them. It, however, is not an adjudication that they are liable. The surety claims that his liability for future acts and omissions of the assignee was terminated prior to the default of the assignee upon which this action is predicated. The facts are not controverted. With a view to having the question settled speedily and inexpensively by demurrer, the plaintiff has alleged all the material facts which the surety relies on for his defense. It is alleged in the complaint that in the year 1898 the appellant petitioned the court, upon notice to the assignee alone, pursuant to the provisions of section 812 of the Code of Civil Procedure, praying to be relieved from further liability as surety for the acts or omissions of the assignee, and for an order requiring the assignee to show cause why he should not be required to file a new bond in the usual form, and to account, as and within the time therein prescribed, and also for an order releasing the surety "from any subsequent act or default" of the assignee; that on the 23d day of the same month the assignee duly executed, procured the approval of, and filed a new bond bearing that date, with the United States Fidelity & Guaranty Company as surety, and on the 15th day of the following month filed an account of his proceedings as assignee pursuant to the requirement of the order made on the petition of the appellant; that no notice of this proceeding was given either to the plaintiff or to the creditors, and nothing further was done toward an

accounting. It does not appear when the order made on the application of the appellant requiring the assignee to show cause why he should not be required to give a new bond and account was served, but it is assumed, and may be presumed, that the new bond and account were filed within the time prescribed therefor by said section of the Code: There is no allegation that the assignee was in default, or had been guilty of any mismanagement or misappropriation of the funds prior to these proceedings had in 1898 with a view to releasing the surety. In fact, there is no allegation of any mismanagement or misappropriation on the part of the assignee, or loss of funds or property. The only default alleged is that he failed and refused to comply with the order that he turn over the balance of the property to the assignor. It is not alleged that the property was not in his hands at that time, and it cannot be fairly or reasonably inferred that it had been lost or misappropriated prior to the order under which the new bond was filed. The appellant concedes that the proceedings on his petition in 1898 did not release him from liability for any act or omission of the assignee prior to the filing of the new bond, because he did not institute the further proceedings authorized by the last sentence of section 812 of the Code for an accounting by the assignee upon notice to all interested parties. But he contends that those proceedings did release him from liability for future acts or omissions of the assignee, and that, to state a cause of action against him, a default prior to the filing of the new bond must be alleged. The respondent contends that section 812 of the Code of Civil Procedure does not contemplate two proceedings—one, ex parte as to creditors, for the release of the surety from liability for the future acts and omissions of his principal; and the other upon notice for the release, adjustment, and settlement of accrued liability—and that, therefore, the proceedings on the petition of the appellant for his release in 1898 are void, and of no effect. The construction of this section is not difficult. Its provisions are plain, and we are of opinion that the legislative intent to provide for two proceedings, as claimed by the appellant, is clear. The official bond of an assignee in the first instance may be approved by the court without notice to the creditor. There is no reason for inferring that the Legislature intended to provide a different rule with reference to the approval of a new bond, and the language employed is not susceptible of such construction. It is manifest that it was intended that the proceeding to require the principal to file a new bond and to release the surety as to the future acts and omissions of the principal were intended to be ex parte as to creditors, and there appears to be no reason why they should not be. The provision requires that in that case the principal shall file an account of his official acts to and including the date of the order requiring the filing of the account. The account thus filed pursuant to the statute shows presumptively the condition of the trust estate at that time, and when the accounting thereon is had; whether, then, on the application of the released surety, or later, at the instance of creditors or otherwise, this will be useful in determining the liability as between the sureties on the old and the new bonds. It is evident that this was the legislative intent. In permitting a substitution of official bonds

it was necessary to fix a time when the liability on the old bond should terminate and upon the new should attach. That time is the date of the order requiring the principal to account or the date of the filing of the new bond, if not filed before. In case of a controversy between the sureties on the old and new bonds with reference to their liability, it is manifest that the inquiry must be directed to whether the act or omission occurred prior or subsequent to the date of such order or filing of the bond. The account thus filed, of course, is not binding upon the creditors, nor is it binding upon the new surety, and at some future time, before the rights of creditors are determined, or the liability of the surety is established, there must be an accounting upon notice. The account thus filed ex parte, however, will form the basis for the accounting.

It follows, therefore, that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of the costs of the appeal, and of the demurrer. All concur, except O'BRIEN, J., who dissents.